No. 35,202

CECIL BOYD, *Appellee*, v. H. C. TILLOTSON, *Appellant*.

(114 P. 2d 795)

Opinion filed July 5, 1941.

*Ralph Knittle*, of Salina, for the appellant.

*Sanford M. Manker* and *Eugene H. Linville*, both of Salina, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action to recover damages resulting from an automobile collision. The defendant prevailed in the city court and was given judgment for costs. On appeal to the district court the plaintiff prevailed and was given judgment for $275. Defendant appeals.

The question presented is whether the notice of appeal from the city court to the district court was sufficient, under the statute, to give the district court jurisdiction of the cause.

Material portions of the journal entry of judgment in the city court of Salina, which was entered on July 25, 1940, were as follows:

"And the court having examined the pleadings, having heard the evidence and being fully advised in the premises, finds the defendant guilty of negligence but finds the plaintiff guilty of contributory negligence. .

"Wherefore it is by the court considered, ordered, and adjudged that the defendant have and recover his costs herein, for which let execution issue."

The notice of appeal to the district court, filed August 5, was as follows:

"Cecil Boyd, Plaintiff, vs. H. C. Tillotson, Defendant. No.——.

"Notice is hereby given that the above-named plaintiff, Cecil Boyd, does hereby appeal to the district court of Saline county, Kansas, from the judgment of the city court of Salina in Saline county, Kansas, made and entered in the above-entitled cause on July 26, 1940, whereby judgment was rendered in favor of the defendant against the plaintiff for court costs, and any and all other rulings and judgments of said court rendered in said cause."

The defendant moved to dismiss the action on the ground that a notice of appeal as provided by law had not been filed within ten days after the judgment. The motion was denied and a motion of the plaintiff to correct the notice by inserting the date "July 25" instead of the date "July 26"—incorrectly stated therein as the date of the judgment—was allowed.

G. S. 1935, 61-1001, which provides for notice of appeal from city courts, is as follows:

"All appeals from justice of the peace and city and county courts in civil cases shall be by notice of appeal specifying the order, ruling, decision or judgment complained of, and shall be filed in the court from which the appeal is taken within ten days from the date of such order, ruling, decision or judgment."

Appellant does not contend that the ten-day period had expired. The tenth day, August 4, was Sunday. Filing on August 5 was accordingly in time. (G. S. 1935, 60-3819.)

Appellant contends that the notice of appeal was insufficient because no judgment was entered on *"July 26"* as stated in the original notice; that instead of "amending" the original notice as authorized by the court, the appellee filed an entirely new notice the following day; and lastly, that the notice did not definitely "specify" the judgment from which the appeal was taken.

Did the incorrect statement of the date of the judgment render the notice void or merely defective? The notice identified the parties, the court and the judgment from which the appeal was taken. Its only defect was that "July 26" instead of "July 25" was stated as the date of the judgment. There is no contention that there was any other judgment involving the same parties entered in the city court either on July 25 or July 26, or any other judgment of any sort with which the judgment in question could have been confused There is no contention that anyone was misled or could have reasonably been misled in the matter. Clearly, the defect was one which the court could permit to be corrected by amendment. Nor do we find any substance in appellant's contention that instead of amending the original notice the appellee filed an entirely new one. The new one was precisely—verbatim—the same as the original one except for the change of "July 26" to "July 25." It was in substance an amendment and nothing more.

Appellant's third contention is that the notice only recited, specifically, appeal from the judgment "rendered in favor of the defendant

against the plaintiff for court costs," whereas the city court had also found "the plaintiff guilty of contributory negligence," and that the latter finding was the real finding which "put an end to plaintiff's case." It will be noted, however, that the judgment itself was only that the defendant recover his costs. The fact that the city court had determined that the plaintiff as well as the defendant was guilty of negligence was merely the reason which led the court to assess costs against him. Moreover, the notice included appeal from "any and all other rulings and judgments of said court rendered in said cause." The district court acquired jurisdiction of the subject matter and of the parties, and trial *de novo* was had as provided by law. (G. S. 1935, 61-1003.)

We find no error. The judgment is affirmed.

DAWSON, C. J., not participating.